## W. L. SLOAN v. A. SEARS.

1. Administration being still open upon an estate, a creditor, holding an approved claim against it, brought suit in February, 1868, in the district court, against the administrator and the sureties on his administration bond, to recover the amount of the claim. A *devastavit* by the administrator was charged in the plaintiff's petition. Before trial in the court below the suit was dismissed as to the sureties, and a judgment against the administrator in his individual capacity was recovered. The original jurisdiction of the district court being questioned, it is *held* that, under section six of article four of the Constitution of 1866, the original jurisdiction of the district court is clearly maintainable.

APPEAL from Harrison. Tried below before the Hon. J. B. Williamson.

The facts relevant to the single question decided are sufficiently stated in the opinion of the court.

*S. P. Donley* and *N. H. Wilson*, for the appellant.—The first question I desire to present for the consideration of the court, is not assigned for error, but it goes to the foundation of the action. It is that the district court did not have jurisdiction of this matter, and could not legally determine the matters involved in this litigation. Section fifteen, article four, Constitution of 1845, provides that inferior tribunals shall be appointed for transacting

business pertaining to estates, and that the district court shall have original and appellate jurisdiction, and general control over said inferior tribunals, and original jurisdiction and control over executors, administrators, guardians and minors, under such regulations as may be prescribed by law. This article is in effect the same as the article in the Constitution of 1866, Paschal's Digest, p. 936, sec. 16. This last article of the Constitution does not contain the same provision as to the jurisdiction of the district court. The jurisdiction under article fifteen of the Constitution of 1845, is subject to legislative action—" under such regulations as may be prescribed by law." It is thus submitted that the district court must exercise its jurisdiction in matters of administrations in this manner prescribed by law. Article 1406 prescribes that the district courts shall have and exercise original jurisdiction in probate matters only in cases where the judge or clerk of probate is interested. It is not alleged that the clerk or judge is interested in this matter, and it is submitted that the county court having acquired jurisdiction over the matter involved and person of the appellant, it was not competent by an original proceeding in the district court, to take the jurisdiction and trial from the county to the district court.

It is further submitted that the court before whom the administration was pending had full jurisdiction to direct a sale of property or to require the administrator to pay the debts due creditors, (Paschal's Dig., Arts. 1315, 1316,) and shall decree the payment of debts. (Arts. 1339, 1341.) If they fail to do so when required by the holder of any claim, " the person holding such claim may obtain an order from the chief justice at some regular term of the court, directing such payment to be made, on making proof that such administrator or executor has funds of the estate in his hands sufficient to make such payment, and fails or refuses to make it."

Then, if it be true that appellant had in his possession moneys

sufficient to pay the debts of the estate, the remedy of the appellant was by making application to the county court, where the administration was pending, for an order that the administrator pay the debt which had been allowed and approved in favor of appellee. The county court has full power to enforce its judgments. (Pas. Dig., Art. 1347.) By Article 1389, it is provided that the chief justice shall have power to enforce obedience to all his lawful orders against executors or administrators, by attachment and imprisonment, etc. ; shall also have power to order the clerk to issue execution against the estate of an executor and administrator in favor of any person to whom money has been ordered to be paid by such executor or administrator. Said execution shall be returnable in sixty days, * * and all proceedings under such executors shall be governed by the laws regulating proceedings under executions issued from the district courts, as far as the same may be applicable.

It is submitted that the county courts have plenary powers in enforcing their judgments, and that the administration having been open in the county court, and is there yet pending, that this court has no jurisdiction of the cause. If the county court had endeavored to enforce the payment of the debt to appellee, and had directed its payment, and the order could not be enforced for the reason that the appellant had no property liable to execution, and it had been determined by the county court that the appellant was liable to pay to the appellee a certain sum of money, and the order could not be enforced in the county court, it might present a case for this court by suit on the bond. But in this case it appears that the appellees are satisfied with a judgment against the appellant, without including his sureties, as the cause was dismissed as to the sureties. It is submitted that the judgment of the district court is erroneous, and ought to be reversed and dismissed.

*Poag & McKay,* for the appellee.

DENISON, J.—This suit was brought by appellee against appellant, administrator of the estate of Amy Anderson, deceased, and Willis Roberts and A. Pope, sureties upon his administration bond, to recover the sum of eight hundred and nine dollars and interest thereon from the twenty-sixth day of June, 1865. This claim was sworn to by appellee and approved by the chief justice.

Appellee alleges *devastavit* by appellant, and makes exhibits of inventories and sales of the property of the estate returned by appellant.

On the trial, appellee dismissed as to the sureties on the administrator's bond, and verdict and judgment were rendered against appellant, from which judgment this appeal is taken.

The only question worthy of consideration, raised by appellant, is did the district court have jurisdiction in this case? This must be determined by the terms of the Constitution of 1866. Art. 4, § 6 of that Constitution gives original jurisdiction to the district courts of " all suits, complaints or pleas whatever, without regard to any distinction between law and equity, when the matter in controversy shall be valued at or amount to one hundred dollars, exclusive of interest." " And original and appellate jurisdiction and general control over the county courts established in each county, for appointing guardians, granting letters testamentary and of administration, and for settling the accounts of executors, administrators and guardians, and for the transaction of business appertaining to estates."

These clauses are full and explicit, there is no doubt about the jurisdiction of the district court in this cause.

There is no error in the judgment of the court. The judgment is therefore affirmed.

                                        Affirmed.